**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Micah Johnson, | ) No. CV-05-617-PHX-DGC |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| City of Scottsdale, a municipal corporation; Alan Rodbell, in his official capacity as Chief of Police, City of Scottsdale, | ) |
| Defendants. | ) |

Defendants have filed a motion to dismiss the amended complaint for failure to state a claim for relief. *See* Doc. #14. For the reasons set forth below, the Court will grant the motion.

**Background**

Plaintiff, a former police officer with the City of Scottsdale, commenced this action by filing a civil rights complaint against Defendants on February 23, 2005. Doc. #1. Defendants filed a motion to dismiss the complaint on August 9, 2005. Doc. #7. Plaintiff subsequently filed an amended complaint. Doc. #11.

Defendants filed a motion to dismiss the amended complaint on October 20, 2005. Doc. #14. When Plaintiff failed to respond, Defendants moved for summary disposition of the motion. Doc. #16. The next day, Plaintiff filed a motion for extension of time to file

a response and the proposed response. Docs. ##19-20. The Court granted the motion for extension of time. Doc. #22. Defendants filed a reply on December 19, 2005. Doc. #21.

**Discussion**

**A.   Legal Standard.**

The Court may not dismiss the amended complaint for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). The Court must accept all factual allegations of the amended complaint as true and draw all reasonable inferences in favor of Plaintiff. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). The Court, however, may not assume that Plaintiff can prove facts different from those alleged in the amended complaint. *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).

**B.   Plaintiff's Allegations.**

Plaintiff alleges the following facts in his amended complaint: Plaintiff worked as a police officer for the City of Scottsdale from 1999 until the end of 2002. Doc. #11 ¶ 5. Plaintiff was supervised by Sergeant R. Stringfellow. *Id.* ¶ 6. During 2002, Stringfellow devoted inordinate amounts of on-duty time to his private used-car business. *Id.* ¶ 9. Stringfellow asked Plaintiff for assistance with the business, including help repossessing cars and a request for $30,000. *Id.* ¶¶ 10-13. Stringfellow also asked Plaintiff to go into business with him. *Id.* ¶ 14. Plaintiff politely declined each request. *Id.* ¶ 15.

Stringfellow subsequently became more "distant" from Plaintiff and began questioning Plaintiff's activities, scrutinizing his police reports, and discussing Plaintiff with other members of Plaintiff's squad. *Id.* ¶¶ 16-17. When Plaintiff objected to what he believed were reprisals for not giving Stringfellow money or becoming his business partner, Stringfellow caused an internal affairs investigation to be initiated against Plaintiff. *Id.* ¶¶ 18-19. By October 2002, Stringfellow's reprisals and harassment became so intolerable that Plaintiff resigned his position with the Scottsdale Police Department. *Id.* ¶¶ 20-21.

Plaintiff requested reserve officer status with the Department. *Id.* ¶¶ 26-27. Such status would assure Plaintiff that his reputation as a law enforcement officer was unblemished. *Id.* ¶ 27. Plaintiff also requested a name-clearing hearing. *Id.* ¶ 28. The City failed to act on the requests. *Id.* ¶ 29.

Defendants made an internal affairs report available to Plaintiff on April 1, 2003. *Id.* ¶ 22. Defendants charged Plaintiff with making false statements in a police report. *Id.* ¶ 23. Defendants repeated the charge to the Arizona Peace Officer Standards and Training Board, the body charged by law with certifying, suspending, or revoking the credentials of Arizona law enforcement officers. *Id.* ¶ 25.

Plaintiff alleges that Defendants' failure to grant a name-clearing hearing violates his due process rights under the Fourteenth Amendment to the United States Constitution because Defendants' actions have created a stigma that eliminates his liberty to take advantage of other employment opportunities. *Id.* ¶¶ 31-32.

**C.    The Parties' Arguments.**

Defendants argue that Plaintiff has not alleged a liberty interest protected by the Fourteenth Amendment because he resigned his position with the Scottsdale Police Department. Doc. #7 at 2-4. Plaintiff argues that termination of employment is not required to allege a protected liberty interest. Doc. #12 at 3-4. Plaintiff contends that damage to his reputation, Defendants' failure to rehire him, and the foreclosure of other employment opportunities suffice. *Id.*[1]

**D.    Analysis and Conclusion.**

It is settled law that "harm to reputation alone is insufficient to implicate an individual's liberty interest." *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998) (citing *Paul v. Davis*, 424 U.S. 693, 711-12 (1976)). To raise a protected liberty

---

[1]Defendants have withdrawn their statute of limitations argument. Doc. #14 at n.2. Given the Court's ruling that Plaintiff has failed to state a constitutional violation, the Court need not address Defendants' argument that Plaintiff's claim is barred by A.R.S. § 41-1828.01(C). *See id.* at 2-3.

- 3 -

interest in the employment context a plaintiff must allege that the accuracy of the stigmatizing charge against him is contested, there is some public disclosure of the charge, and the charge is made in connection with termination of employment or, perhaps, a refusal to rehire the plaintiff. *See id*; *Brady v. Gebbie*, 859 F.2d 1543, 1552 (9th Cir. 1988); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972) ("There might be cases in which a State refused to re-employ a person under such circumstances that interests in liberty would be implicated."); *Paul*, 424 U.S. at 710 (discussing *Roth* and stating that "it was not thought sufficient to establish a claim under § 1983 and the Fourteenth Amendment that there simply be defamation by a state official; the defamation had to occur in the course of termination of employment.").

In this case, the charge against Plaintiff was not made in connection with termination of employment. Plaintiff resigned from the police force and the charge was made after his resignation. Nor was the charge made in connection with the City's refusal to rehire Plaintiff as a reserve officer. Plaintiff requested reserve officer status on September 9, 2002. Doc. #11 ¶ 26. The charge against Plaintiff was made more than six months later in April 2003. *Id.* ¶¶ 22, 25.

Although the charge that Plaintiff made false statements in a police report "would undoubtedly damage the reputation of one in his position, and impair his future employment prospects," *Siegert v. Gilley*, 500 U.S. 226, 234 (1991), the charge was made after his resignation and the refusal to rehire him. Plaintiff therefore has failed to allege a liberty interest protected by the Fourteenth Amendment. *Id.*; *Botefur v. City of Eagle Point*, 7 F.3d 152, 158 (9th Cir. 1993) ("Although he alleged that the false statements impaired his future employment prospects, Botefur did not state a valid § 1983 claim because the alleged defamatory statements were made, if at all, after Botefur resigned."); *Moore v. Deschutes County*, No. Civ. 01-6189-HO, 2003 WL 23590755, *3 (D. Or. Oct. 2, 2003) ("[A]lthough plaintiff asserts that she was constructively discharged, she was not terminated and official publication of a stigmatizing charge without discharge is not of itself constitutionally prohibited."). The Court will grant Defendants' motion to dismiss the

amended complaint.

**IT IS ORDERED:**

1. Defendants' motion for summary disposition of motion to dismiss amended complaint (Doc. #16) is **denied**.

2. Defendants' motion to dismiss the amended complaint (Doc. #14) is **granted**.

3. Defendants' motion to dismiss the original complaint (Doc. #7) is **denied** as moot.

DATED this 17th day of January, 2006.

_____
David G. Campbell
United States District Judge